# RogersIpGroup

**Intellectual Property Attorneys**

Church Street Station
PO Box 3115
New York, NY 10008
+800.813.7154  **Tel**
**+** 866.426.3525   **Fax**

www.RogersIpGroup.com

May 26, 2011

To:  Senior Judge Scullin

Re: Optigen, LLC v. Animal Genetics, Inc.
    Civ . Action 5:10-CV-940
    Order to Show Cause/Sanctions

Dear Senior Judge Scullin:

    Thank you for the opportunity to file a letter brief demonstrating why the Court should not impose sanctions for our multiple requests for sanctions.

    The case which you provide, *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003), concerned what the district court believed was the submission of fraudulent documents.  *Id* at page 2. Even in that case, the appellate court held that court imposed sanctions were not warranted.  *Id* at page 6. As the majority opinion in that case makes quite clear, the standard for a court to impose sanctions *sua sponte*, is a "bad faith" standard, applicable to contempt proceedings. The court in that case further stated that "…when courts are acting either pursuant to their inherent powers or their statutory power to impose contempt sanctions upon attorneys **while those attorneys are engaged in matters intended to further the interest of their clients** (emphasis added), a finding of bad faith on

Page | 1

the part of the attorney is essential to a finding of contempt. *Id.* at page 4, citing *Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol*, 194 F.3d 323, 338 (2d Cir. 1999). I respectfully submit to you that at no time was I ever engaged in any type of fraudulent conduct or bad faith which warrants this Court to impose sanctions.

  The Complaint charges defendant with patent infringement under 35 U.S.C. § 271(a) relating to, *inter alia*, to the offer to sell test results. The sole basis for the infringement charge is the *"one"* sale which was induced by plaintiff's President who contacted the defendant and ordered a PCRD test, under the auspices of plaintiff's counsel, as a precursor to support the charge of infringement (Dkt. No. 1, Exhibit C). This was done without any forewarning [such as a Cease and Desist letter which would have put the defendant on notice] that doing so would constitute or could form the basis of an infringing act and that liability for infringement could pursue. Once the "sale" was consummated, and the charge of infringement was made against the defendant, the uncontradicted evidence shown in the papers on record is that defendant immediately discontinued advertising its "sale" of test results on its website. We believed that plaintiff's actions was akin to "entrapment" in a criminal matter. If true, the one evidentiary "sale" used by plaintiff to establish jurisdiction for patent infringement under 35 U.S.C. § 271 (a) would fall. In addition, plaintiff's counsel failed to put defendant on notice the existence of the patents-in-suit. Upon learning of the patents, defendant immediately ceased all alleged infringing activity. Giving these circumstances, I believed in good faith that it was my duty to further the interests of my client and request sanctions.

  We believed that including a sanction request in the motion papers was soundly grounded in law, and not to make such arguments would have been a disservice to our client. With respect to professional conduct, it was believed that whether the "sale' was made before

Page | 2

or after the lawsuit was filed is not a controlling factor. A lawyer was involved, and there is no question that the request to make the sale was in an adversarial setting. We believed that a lawyer's misrepresentation through his agent as to the purpose of the sale is a violation and is proscribed by NY Code of Professional Responsibility DR -102(4). My co-counsel, Allen Brufsky, Esq., was directly involved in a similar case in Florida [Docket 32].

The Court correctly points out that I personally signed the motion papers asking for sanctions three times. In hindsight, my actions may have been over diligent. However, I would like to point out that the thrust of our motions was to seek dismissal of the case rather than sanctions. Moreover, filing of the motion papers occurred in such a short period of time so as to preclude me from a more careful analysis. I believed at that moment that a request for sanctions was a prudent course of action in furtherance of the interests of my client. My co-counsel, Allen Brufsky, also advised that sanctions were warranted. He has over 25 years of litigation experience and has directed the intellectual property group at a large law firm. I factored his concurrent opinion in my decision in this matter. My decision was not made in bad faith.

As the majority opinion in the *In re Pennie & Edmonds* case makes clear, any regime of sanctions for a lawyer's role in the course of representing a client inevitably has implications for the functioning of the adversary process. If the sanction regime is too severe, lawyers will sometimes be deterred from making what they believe to be a legitimate submission on behalf of clients out of apprehension that the conduct will erroneously be deemed improper. "A vigorous adversary process is better served by avoiding the inhibiting effect of an 'objectively unreasonable' standard applied to unchallenged submissions…" *Id.* at page 4.

I respectfully submit to you that if this Court imposes sanctions on me it will have a very chilling effect not only on myself but also my client, who is struggling over the costs of this litigation. Despite our best efforts, plaintiff has indicated that they are not interested in considering a license and vigorously pursuing this litigation.

For the foregoing reasons above, I respectfully submit that the court should not impose sanctions based on my good faith actions made with the intent to further the interests of my client.

                Respectfully Submitted,

                /James Rogers/

                JAMES ROGERS, J.D., Ph.D.
                Counsel for Animal Genetics, Inc.

CERTIFICATE OF SERVICE

I certify that on May 26, 2011, I caused this document and Exhibits attached thereto to be served on Optigen's counsel of record by the Court's CM/ECF system.

.

/James Rogers/

_____

James Rogers

Rogers IP Group

Church Street Street Station

PO Box 3115

New York, NY 10008

888-207-7541 (TEL)

866-4263525 (FAX)

JLR219@yahoo.com

*Counsel for Animal Genetics, Inc.*