**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**OPTIGEN, LLC,**

          **Plaintiff,**

    v.              **5:10-CV-940
                    (FJS/DEP)**

**ANIMAL GENETICS, INC.,**

         **Defendant.**
_____

**APPEARANCES**           **OF COUNSEL**

**HODGSON RUSS LLP**       **ROBERT J. LANE, JR., ESQ.**
The Guaranty Building        **JODYANN GALVIN, ESQ.**
140 Pearl Street, Suite 100      **MELISSA N. SUBJECK, ESQ.**
Buffalo, New York 14202-4040
Attorneys for Plaintiff

**ROGERS IP GROUP**        **JAMES L. ROGERS, ESQ.**
Church Street Station
P.O. Box 3115
New York, New York 10008-3115
Attorneys for Defendant


**SCULLIN, Senior Judge**

**ORDER**

Currently before the Court is Defendant's counsel James L. Rogers' response to the Court's *sua sponte* Order that he show cause why the Court should not sanction him for his repeated baseless requests for sanctions against Plaintiff's counsel. *See* Memorandum-Decision and Order dated May 23, 2011, denying Deft's. motion for judgment on the pleadings, at 12-15.[1]

This situation arises from a series of requests for sanctions that Defendant's counsel made. Defendant's counsel made these requests on December 3, 2010, December 15, 2010, and January 3, 2011, as part of Defendant's motion for judgment on the pleadings, as part of its response to Plaintiff's motion to dismiss Defendant's counterclaims, and as part of its reply to Plaintiff's response to Defendant's motion for judgment on the pleadings, respectively. On each occasion, Defendant's counsel made a bare allegation that Plaintiff's counsel did not conduct due diligence before filing Plaintiff's complaint and, therefore, requested sanctions against Plaintiff's counsel.

It is well-settled that "[t]he court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). For a district court to award sanctions pursuant to this inherent power, it "must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (citations omitted); *see*

---

[1] On June 3, 2011, Attorney Rogers filed a letter retracting his previous requests for sanctions.

*also Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (citation omitted); Daniel H. Fehderau, *Rule 11 and the Court's Inherent Power to Shift Attorney's Fees: An Analysis of Their Competing Objectives and Applications*, 33 Santa Clara L. Rev. 701, 718-19 (1993) (explaining the difference between the objective standard of Rule 11 sanctions and the subjective finding of bad faith necessary for a court to award sanctions pursuant to its inherent power). A district court may infer bad faith on the part of a litigant where its "'actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Schlaifer Nance & Co., Inc.*, 194 F.3d at 336 (quotation omitted); *see also Int'l Telepassport Corp. v. USFI, Inc.*, 89 F.3d 82, 86 (2d Cir. 1996) (quotation omitted).

The Second Circuit has affirmed a sanction of $5,000 for misconduct in making a frivolous application for sanctions. *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 222 (2d Cir. 2003). In that case, the district court relied on its inherent powers to order the defendant's counsel to pay $5,000 into the court's registry. *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99 Civ. 10175, 2001 WL 1154669, *3 (S.D.N.Y. Oct. 1, 2001).

In the present case, Defendant's counsel contends that his actions do not meet the bad faith standard. *See* Deft. letter brief at 1. He asserts that his requests for sanctions were made as part of the zealous representation of his client and were not made in bad faith. *See id*. at 2. Defendant's counsel avers that the primary goal of his motions was to seek dismissal of Plaintiff's complaint, not sanctions, and suggests that the motion papers were filed in a short period of time, precluding him from more careful analysis. *See id*. at 3. As further evidence of his good faith, Defendant's counsel

states that he consulted his co-counsel at the time, Allen Brufsky,[2] and that they both agreed that sanctions were warranted. *See id*. Finally, Defendant's counsel submits that the imposition of sanctions might have a chilling effect both on him and on his client. *See id*. at 4-5.

The Court finds Defendant's counsel's multiple baseless requests for sanctions evidence bad faith. *See* Deft. motion for judgment on the pleadings, Exhibit "1" attached thereto, at 9; Deft. response to Pltf. motion to dismiss counterclaims at 11-12; Deft. reply to Pltf. response to Deft. motion for judgment on the pleadings at 7. Defendant's counsel made no attempt to explain how or why Plaintiff's complaint was sanctionable; he merely made a blanket allegation that Plaintiff did not conduct due diligence before filing its complaint. *See id*. The fact that Plaintiff's complaint was sufficient to withstand a motion to dismiss indicates that its plausibility was apparent. Defendant's counsel's argument that Plaintiff's complaint did not contain many allegations, while appropriate for a motion to dismiss, is wholly inappropriate for a request for sanctions. Moreover, by not specifically alleging how Plaintiff's counsel failed to conduct due diligence, Defendant's counsel deprived Plaintiff's counsel of the opportunity to fix any legitimate problems that may have existed in Plaintiff's complaint. Instead, Defendant's counsel immediately gravitated toward the more serious solution of requesting sanctions.

In addition, Defendant's counsel's requests were procedurally improper. Defendant's counsel did not prepare a separate motion, let alone provide a twenty-one day safe harbor period,

---

[2] Mr. Brufsky's endorsement of potentially dubious behavior is especially unpersuasive to the Court because Mr. Brufsky has consented to have his name stricken from the roll of attorneys admitted to practice in the Northern District of New York. *See* Dkt. No. 38, Memorandum-Decision and Order of Chief Judge Mordue dated May 11, 2011, at 5. Mr. Brufsky agreed to this penalty when the Court discovered and confronted Mr. Brufsky with the fact that he had made a material omission on his petition for admission to practice in the Northern District of New York. *See id*. at 2-3.

both of which are required to seek sanctions under Rule 11(c)(2). *See* Fed. R. Civ. P. 11. Defendant's counsel instead asked the Court to impose sanctions under Rule 11(c)(3). Defendant's counsel's requests ignored both the fact that Rule 11(c)(2) provides the proper means for one party to seek sanctions against another and the fact that courts typically issue orders to show cause under Rule 11(c)(3) only for egregious violations of Rule 11(b). Defendant's counsel did not allege facts to indicate such a glaring violation here. *See* Deft. motion for judgment on the pleadings, Exhibit "1" attached thereto, at 9; Deft. response to Pltf. motion to dismiss counterclaims at 11-12; Deft. reply to Pltf. response to Deft. motion for judgment on the pleadings at 7.

Defendant's counsel's argument that the thrust of Defendant's motions was to dismiss Plaintiff's complaint is not entirely persuasive. It is true that Defendant's counsel did not dedicate significant time and effort to his requests for sanctions. However, the brief inclusion of a request for sanctions at the end of a submission, almost as an afterthought, indicates an intrinsically flippant attitude toward the seriousness of Rule 11 sanctions that is as destructive to the litigation process as an unwarranted separate motion for sanctions would be.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that, within ten days of the date of this Order, Defendant's counsel, Mr. James L. Rogers, Esq., shall mail a check, in the amount of $1,000 dollars,[3] payable to the Clerk of the Court,

---

[3] The Court finds that a sanction of $1,000 is appropriate because, although Defendant's requests for sanctions were obnoxious, they did not involve dishonesty or fraud. *See Patsy's Brand, Inc.*, 317 F.3d at 222 (affirming a $5,000 fine against an attorney who moved for sanctions against his opponent in order to pressure his opponent's counsel into producing billing records that he hoped to obtain despite the passage of the discovery deadline). The Court finds that a $1,000 sanction will promote respect for the litigation process without creating a chilling effect on attorney creativity or advocacy.

Northern District of New York, to the following address:

> Clerk of the Court
> U.S. District Court
> Northern District of New York
> James Hanley U.S. Court and Federal Building, 7th Floor
> 100 S. Clinton Street
> Syracuse, NY 13261-7367

Defendant's counsel shall also reference this Order on his check.

**IT IS SO ORDERED**.

Dated: July 19, 2011
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge